UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID LEFORGE,

    Plaintiff,

v.                                                                          CASE NO.: 2:19-cv-455

CEDAR HAMMOCK GOLF AND
COUNTRY CLUB, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, DAVID LEFORGE (hereafter, "Plaintiff"), by and through his undersigned counsel, and hereby files this Complaint against Defendant, CEDAR HAMMOCK GOLF AND COUNTRY CLUB, INC. (hereafter, "Defendant") and alleges as follows:

## INTRODUCTION

1. This is an action for damages that exceed $ 15,000.00, exclusive of costs, interest, and attorney's fees by Plaintiff against his former employer for disability discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA")[1] and Florida's Workers' Compensation Retaliation ("WC Retaliation"), Section 440.205, Florida Statutes.

2. Venue is proper in the Fort Myers Division of the Middle District of Florida pursuant to 42 U.S.C. § 2000(e)-5(f) (3) and 28 U.S.C. § 1391 (b) and (c) because the unlawful employment practices were committed within this judicial district. All facts and circumstances arising from this dispute took place in Collier County, Florida.

---

[1] The ADA was amended by ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No 110-325, 122 Stat. 3553 (2008), which became effective on January 1, 2009

3. Plaintiff is an individual who resided in Collier County, Florida, during the time of his employment with Defendant and all times material herein.

4. Defendant is an "employer" as defined by 42 U.S.C. § 2000e(b) because it is engaged in an industry affecting commerce and has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

## ADMINISTRATIVE PREREQUISITES

5. Plaintiff timely dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on Americans with Disabilities Act of 1990, 42 U.S. 126, Title VII of the Florida Civil Rights Act of 1964, as amended, the Florida Civil Rights Act, and local laws, a copy of which is attached hereto and incorporated herein as Exhibit "A."

6. This action is filed within ninety (90) days of Plaintiff's receipt of his Notice of Right to Sue, dated April 3, 2018, in reference to EEOC Charge Number 510-2018-07055, from the U.S. Equal Employment Opportunity Commission, a copy of which is attached hereto and incorporated herein as Exhibit "B."

## GENERAL ALLEGATIONS

7. The Plaintiff was hired as an Outside Services Technician in October of 2010 through May 17, 2018 for the Defendant.

8. On October 29, 2017, Plaintiff severely injured himself while removing golf bags from a faultily installed rack.

9. On or about November 2, 2017, the Plaintiff went to his personal physician. The personal physician referred him to a foot specialists. The Plaintiff wasn't able to get into the specialist until December 4, 2017.

10. When the Plaintiff visited the specialist, he was immediately informed that the injury was workers' compensation related and the specialist couldn't provide care.

11. After leaving the Physician's office, the Plaintiff immediately contacted the Defendant's human resources department. Defendant instructed the Plaintiff that he must speak with his manager, Clayton Rodgers who would be able to assist him with the paperwork.

12. Eventually, Mr. Rodgers returned the Plaintiff's telephone call. The Employer reported the Worker's Compensation Claim on December 9, 2017.

13. On December 11, 2017, the Plaintiff was contact by Candice Johnson who interrogated the Plaintiff about the nature of the injury. Plaintiff requested immediate medical treatment and was notified he would be contacted by a case manager.

14. On December 12, 2017, the Plaintiff was contacted again by Candice Johnson, asked the same questions, and notified she would set up the telephone call with the physician.

15. On December 13 & 15, the Plaintiff contacted Candice Johnson who did not pick up. He left a voicemail each time.

16. On December 18, 2017, the Plaintiff received a call from Candice Johnson who reported that the Plaintiff must give a recorded statement prior to receiving medical care. Ms. Johnson claimed she had spoken with his employer.

17. On December 19, 2017, the Plaintiff spoke with his supervisor who stated he had never spoken with the insurer or Candice Johnson.

18. With no other choice, the Plaintiff retained counsel for the workers' compensation injury.

19. On January 4, 2018 nearly 68 days after his injury, the Plaintiff was sent to an urgent care facility.

20. The Physician at the urgent placed the Plaintiff on light duty and submitted paperwork for the Plaintiff to see a specialist within 48 hours.

21. Also on January 4, 2019, the Plaintiff requested ranger/starter work or another light duty position as a reasonable accommodation under the ADA. Mr. Rodgers stated, "We don't have and nor do we honor light duty, we never have."

22. On April 6, 2018, a Petition for Workers' Compensation Benefits was filed with the Office of the Judges of Compensation Benefits by Plaintiff's Workers' Compensation Attorney.

23. On April 15, 2018, Plaintiff text messaged his supervisor:

"I have a Drs. Appt on the 19th and I'm hoping he'll release me for work. PJ said I should talk to you regarding my status at Cedar." See Exhibit "C".

24. On April 16, 2018, Mr. Rodgers responded:

"Sorry I forgot to answer your text yesterday, was busy with club championship. Good luck on your appt this week. I hope you get some good news. **However, after speaking with Tom about the situation, since you have an active lawsuit pending against the club, I can't have you working**." (emphasis added) See Exhibit "C"

25. On April 17, 2018, the Plaintiff received another text message stating:

"Not terminated. 1 I don't have any shifts for u right now. I would rather talk about your situation in person as txt messages tend to be misunderstood."

26. The Workers' Compensation Foot Doctor released the Plaintiff to return to work in April 19, 2018 without restrictions.

27. On or about May 17, 2018, the Plaintiff reached out via telephone to the General Manager of Cedar Hammock, Tom Reed to see if there was work available. Mr. Reed began by saying that as long as the Plaintiff had a lawsuit pending against Cedar Hammock he had no job and/or

golf privileges. Mr. Reed went further to say that "because of [the Plaintiff], Cedar Hammock's Insurance premiums have increased" and abruptly hung up on the Plaintiff.

28. Plaintiff has retained the Malatesta Law Office to represent him and agreed to compensate it at a reasonable hourly rate.

## COUNT I – ADA – FAILURE TO ACCOMMODATE

29. Plaintiff realleges and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 28 of this Complaint.

30. Defendant is a "person" within the meaning of §101(7) of the ADA, 42 USC § 1211(7), and §701 of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e, in that, the definition includes one or more individuals, … , partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations…

31. At all times relevant hereto, Plaintiff is an individual with a "disability" as that term is defined in Section 3(2) of the ADA, 42 USC § 12102, which provides "disability" means a physical or mental impairment that substantially limits one or more major life activities of such individual… Specifically, Plaintiff suffers from right plantar fasciitis and Achilles tendinitis which required him to be on sedentary and/or light duty.

32. Defendant knew the Plaintiff suffered from a disability of right plantar fasciitis and Achilles tendinitis.

33. The Plaintiff requested a reasonable accommodation of returning to light duty on January 4, 2018.

34. The Defendant has a blanket policy against light duty. The Defendant disregarded the request for a reasonable accommodation of limiting his tasks to sedentary work. The Defendant failed

to engage in an interactive good faith discussion to see if a reasonable accommodation was available.

35. Plaintiff is a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 USC § 12111(8), in that Plaintiff is an individual with a disability, who, with a reasonable accommodation of having being assigned to a sedentary position or light duty would have allowed him to work.

36. The actions of Defendant, by and through its agents, employees, managers and supervisors, were willful, wanton, intentional and with malice or reckless indifference to Plaintiff's protected rights under the ADA, entitling Plaintiff to compensatory and punitive damages to punish Defendant for its actions and to deter it and others from such action in the future.

WHEREFORE, Plaintiff requests the Court enter a judgment against the Defendant as follows:

a. Find and hold that Plaintiff has suffered from Defendant's acts of discrimination based on its failure to consider the Plaintiff's request for a light duty assignment or otherwise engage in the interactive process;

b. Award the Plaintiff compensatory and punitive damages in an amount to be determined at trial in this matter;

c. Award Plaintiff his attorneys' fees, including litigation expenses, and costs of this action; and

d. Grant such other further relief as may be just and proper.

## COUNT II: VIOLATION OF FLORIDA'S WORKERS' COMPENSATION INTERFERENCE & RETALIATION, SECTION 440.205 OF THE FL STATUTES

37. Plaintiff realleges and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 28 of this Complaint.

38. This is an action for interference, retaliation, and retaliatory discharge of an employee in violation of Section 440.205 of the Florida Statutes.

39. Section 448.205 of the Florida Statutes states that: "[n]o employer shall discharge. threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."

40. Plaintiff was retaliated against and terminated because he "filed a law suit" and "Cedar Hammock's Insurance premiums have increased."

41. Plaintiff lost his employment and golf rights at the Defendants' golf course.

42. Defendant contacted other local golf courses in Collier County and intentionally interfered with the Plaintiff's ability to seek continued employment and/or golfing privileges at other local golf courses.

43. As a direct, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, loss of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

44. The actions of Defendant, by and through its agents, employees, managers and supervisors, were willful, wanton, intentional and with malice or reckless indifference to Plaintiff's protected rights under 448.205, entitling Plaintiff to compensatory and punitive damages to punish Defendant for its actions and to deter it and others from such action in the future.

WHEREFORE, Plaintiff requests the Court enter a judgment against the Defendant as follows:

   (a) Front and back pay,

   (b) Lost benefits,

   (c) Injunctive relief reinstating the Plaintiff's golfing privileges at the Defendant's golf course,

(d) Other compensatory damages available under 448.205,

(e) Punitive damages,

(f) Prejudgment interest,

(g) Costs of this action, and

(h) other such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

45. Plaintiff, by and through his undersigned attorney, hereby demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by jury in this action.

Respectfully submitted this 2nd day of July, 2019.

/s/ Frank M. Malatesta, Esq.
FRANK MALATESTA, ESQUIRE
Florida Bar No.: 0097080
Malatesta Law Office
871 Venetia Bay Blvd., Suite 235
Venice, FL 34285
Phone: (941) 256-3812
Fax: (888) 501-6612
Frank@malatestalawoffice.com
Staff@malatestalawoffice.com
Attorney for the Plaintiff